

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL HENDERSON,

　　　　　　　　　　Plaintiff,

v.

J. COLON, Correctional Supervising Cook; J. CANEDO, Correctional Lieutenant; A. REYES, Associate Warden; C. ODELL, Correctional Counselor II,

　　　　　　　　　　Defendants.

Case No.:  3:25-cv-02921-CAB-MMP

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

[Doc. No. 2]

　　　Plaintiff Michael Henderson, an unrepresented prisoner at California Medical Facility ("CMF") in Vacaville, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed *in forma pauperis* ("IFP").  [Doc. Nos. 1, 2.]  Plaintiff claims prison officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego falsified documents to support disciplinary charges against him for threatening kitchen staff.  [Doc. No. 1 at  2–7.]  He seeks $75,000 in general and punitive damages and restoration of 121 days in custody credits.  [*Id.* at 7, 9.]  Because Plaintiff's

IFP motion is incomplete and he fails to state a claim upon which § 1983 relief can be granted, the Court **DENIES** his motion and **DISMISSES** his complaint.

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must submit an affidavit that includes a statement of all assets they possess, as well as a certified copy of their trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "assess[es] and, when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at n.3, 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*,

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's Motion to Proceed IFP fails to include a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement Report for the *6-month* period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Because Plaintiff has also failed to submit CMF's "institutional equivalent," *i.e.*, a signed prison certificate authorized by a CMF trust account official certifying as to his 6-month average monthly balances and deposits, the Court is unable to determine whether he is eligible to proceed IFP and cannot assess the proper amount initial partial filing fee that may be required to initiate the prosecution of his case. *See* 28 U.S.C. § 1915(b)(1).

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.    Standard of Review

Section 1915A(a) also "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)); *see also Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). "The standard for dismissal for prisoner claims at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening

pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts … to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

## B.    Discussion

The Court finds that Plaintiff's complaint is subject to preliminary *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show the RJD officials he seeks to sue deprived him of a protected liberty interest with respect to his disciplinary segregation and sentence. *See Sandin v. Conner*, 515 U.S. 472,

4

484 (1995).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation.  *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)).  "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 1077–78.  However, these procedural protections "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.*  at 1078 (quoting *Sandin*, 515 U.S. at 484); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Here, Plaintiff claims he was "issued a 114-D lock up order and placed in [the] restricted housing unit on 2-3-25 for threatening staff," [Doc. No. 1 at 3], but he makes no further allegations to suggest the conditions or duration of his segregation was the "type of atypical, significant deprivation [that] might conceivable create a liberty interest" under the Fourteenth Amendment.  *Sandin,* 515 U.S. at 486; *see also Rojo v. Paramo*, Case No. 13-CV-2237 LAB BGS, 2014 WL 2586904, at *3 (S.D. Cal. June 10, 2014) (dismissing prisoner's allegations of being "placed in . . . administrative segregation"  and subjected to an unwarranted "lock-up" insufficient to demonstrate a protected liberty interest pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff also claims his disciplinary conviction violated due process because it was based on the "falsification of documents" [Doc. No. 1 at 4, 6], but the filing of allegedly false disciplinary charges alone does not violate the Fourteenth Amendment.  *See e.g., Gadsden v. Gehris,* No. 20cv0470 WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegation of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves."). Moreover, Plaintiff's own exhibits show the March 12, 2025 Rules Violation Report Log No. 7556471 which is the subject of his complaint was ordered

subject to re-review on August 20, 2025 as a result of CDCR 602 Grievance and Appeal Log No. 724383.[2]  [Doc. No. 1 at 16–24.]  "[W]hen a procedural error has been corrected in the administrative process, . . . there has been no compensable due process violation." *Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997); *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (finding alleged disciplinary hearing "procedural error [] corrected through the administrative appeal process" (collecting cases)).

Finally, to the extent Plaintiff's false documentation claims would "necessarily imply the invalidity" of the disciplinary proceedings which resulted in 121 days of conduct credit forfeiture, and he expressly seeks credit restoration implicating the length of his sentence, [Doc. No. 1 at 7], but does not allege that RVR Log No. 7556471 has already been invalidated, a § 1983 suit may not proceed at all.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646–47 (1996); *Ramirez*, 334 F.3d at 856 (concluding that if alleged due process defects "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits," and as a result would decrease the length of the prisoner's confinement, his claims are "not cognizable under § 1983 until his disciplinary conviction [is] invalidated." (citing *Edwards*, 520 U.S. at 646).  "So long as [a prisoner's] claim 'indirectly [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' *Heck* and *Edwards* require his § 1983 cause of action to be dismissed—'only habeas corpus (or similar state) remedies' can be used to obtain such a ruling."  *Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

///

---

[2] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## III.    CONCLUSION

For these reasons explained, the Court:

(1)    **DENIES** Plaintiff's motion to proceed IFP [Doc. No. 2];

(2)    **DISMISSES** Plaintiff's complaint for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

(3)    **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to **either**: (a) pay the entire $405 civil filing and administrative fee in one lump-sum; **or** (b) file a renewed motion to proceed IFP, which includes a CDCR Inmate Trust Account Statement Report or a prison certificate signed by a CMF trust account official attesting as to his account balances and deposits for the *full 6-month period* preceding the filing of his complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); **and** (c) file an amended complaint which cures the deficiencies of pleading noted.

Plaintiff's amended complaint must be complete in itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled.").[3]

It is **SO ORDERED**.

Dated:  January 9, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] If Plaintiff fails to amend and/or otherwise comply with this Order within 45 days, the Court will enter a final Order dismissing this civil action based on Plaintiff's failure to pay, to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(b), and to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3:25-cv-02921-CAB-MMP