UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL HENDERSON,
Plaintiff,
vs.
J. COLON, J. CANEDO, A. REYES, C. ODELL,
Defendants.

Case No.: 3:25-cv-02921-CAB-MMP

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IFP; and**

**(2) DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND.**

**[Doc. Nos. 4, 5]**

Plaintiff Michael Henderson is a state prisoner proceeding *pro se*. On January 9, 2026, the Court denied Plaintiff's initial motion to proceed *in forma pauperis* ("IFP"), [Doc. No. 2], and dismissed his Complaint, [Doc. No. 1], under 28 U.S.C. § 1915A(b)(1). The Court dismissed his Complaint because he failed to allege facts sufficient to show the prison officials he sought to sue deprived him of a protected liberty interest with respect to his disciplinary segregation and sentence. [Doc. No. 3 ("Order").] The Court's Order granted Plaintiff leave to file a new IFP motion and an amended complaint that would cure the deficiencies of his original pleading. [*Id.* at 7.] Plaintiff has since filed a new IFP motion, [Doc. No. 4], and an amended complaint, [Doc. No. 5 ("FAC")]. For the reasons

below, the Court **GRANTS** the renewed IFP motion and **DISMISSES** the FAC without further leave to amend.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *see Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his trust account statement attested to by a CDCR trust account official. [Doc. No. 4 at 7.] The document shows that Plaintiff had an available balance of $123.71 at the time of filing the Complaint. [*Id.*]

Because Plaintiff demonstrated that he did not have sufficient assets to pay the filing fee, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28

U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Plaintiff remains obligated to pay the $350 fee pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### a. Standard of Review

Section 1915A(a) "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (alterations in original). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

"On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)); *see also Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). "The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. A complaint fails to state a claim if it lacks a "cognizable legal theory" or "sufficient facts . . . to support a cognizable legal theory."

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "[has an] obligation [where] the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt[,]" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

**b. Discussion**

Plaintiff continues to allege in the FAC that Defendants violated his Fourteenth Amendment right to due process during proceedings related to an allegedly falsified rules violation report ("RVR") issued on or about January 31, 2025. [*See* FAC at 3.] As noted in the Court's prior Order, Plaintiff's original Complaint suffered three fatal defects requiring dismissal: (1) he had not set forth factual allegations to suggest the conditions or duration of his segregation, as a result of the RVR process, were the type of atypical, significant deprivation that might conceivably create a liberty interest under the Fourteenth Amendment; (2) the prison's "re-review" of its adjudication precluded his due process claim by correcting any procedural due process issue; and (3) the fact that Plaintiff's disciplinary proceedings resulted in a 121-day credit deprivation meant a suit under 42

U.S.C. § 1983 was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless he could show that disciplinary conviction had already been invalidated. [Order at 4–6.] Plaintiff's FAC fails to address any of these pleading deficiencies.

First, while he continues to challenge his "lock up" in the restricted housing unit ("RHU") as a result of having been charged with, and ultimately convicted for, threatening staff after a work-related incident in the prison's kitchen on January 31, 2025, he still fails to allege facts sufficient to plausibly show how that segregation imposed any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (quoting *Sandin,* 515 U.S. at 484). "Atypical and significant hardship is a high bar." *Garcia v. Cnty. of Santa Clara*, No. 25-CV-08688-CRB (PR), 2026 WL 899420, at *3 (N.D. Cal. Mar. 31, 2026) (citations omitted). Whether a hardship is "atypical and significant" is evaluated on a "case by case, fact by fact" basis. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal citations and quotation marks omitted). To determine if a hardship is atypical and significant, courts consider "whether the challenged condition mirrored those conditions imposed on inmates in administrative segregation and protective custody; the duration of the condition, and [the] degree of restraint imposed; and whether the state's action will invariably affect the duration of the prisoner's sentence." *Johnson v. Ryan*, 55 F.4th 1167, 1197 (9th Cir. 2022) (cleaned up) (citing *Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 987 (2014)).

While Plaintiff refers generally to RHU as a "higher level of housing," [FAC at 5], he continues to offer no further factual allegations to plausibly suggest his placement there deprived him of any constitutionally protected liberty interest.[1] *See Sandin*, 515 U.S. at

---

[1] To the extent Plaintiff also continues to claim Defendants "introduced false information" during his initial disciplinary hearing in violation of California Code of Regs. tit. 15, § 3021, [FAC at 3], he also fails to state a claim upon which § 1983 can be granted. *Benavidez*, 993 F.3d at 1144. While neither "[i]ncarcerated [nor] supervised persons [may] intentionally enter or introduce false information into or upon any record or document maintained by the Department of Corrections and Rehabilitation," Cal. Code Regs. tit. 15, § 3021, the failure to follow state departmental regulations does not amount to a constitutional violation. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

486; *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (finding no "atypical, significant deprivation" where prisoner failed to allege conditions at level IV prison differed significantly from those at a level III prison); *Ashker v. Newsom*, 81 F.4th 863, 891 (9th Cir. 2023) (finding prisoner's placement in a "Restrictive Custody General Population Unit," where he was subjected to solitary walk-alone status that did not impose atypical and significant hardship under *Sandin*); *Garcia,* 2026 WL 899420, at *4 (finding material witness's transfer to a more restrictive facility did not "amount[] to a liberty interest deprivation of real substance under *Sandin*"); *Rojo v. Paramo*, Case No. 13-CV-2237 LAB BGS, 2014 WL 2586904, at *3 (S.D. Cal. June 10, 2014) (dismissing prisoner's allegations of being "placed [] in . . . administrative segregation" and subjected to an unwarranted "lock-up" as insufficient to demonstrate a protected liberty interest).

Second, Plaintiff continues to claim his initial RHU placement and the disciplinary hearing that followed violated due process because "the proper procedures for an investigation were not adhered to," and his conviction was based on "false information" and an "incomplete record." [FAC at 3, 9.] But as the Court noted in its prior Order, an "allegation of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves." *Gadsden v. Gehris*, Case No. 20cv0470 WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020). Here, Plaintiff's FAC, like his original pleading, contains allegations and incorporates exhibits[2] that plainly defeat the procedural due process violation he continues to pursue.

Specifically, on April 9, 2025, Plaintiff claims he filed CDCR 602 Grievance Log No. 724383 challenging the validity of RVR Log No. 7556471, which charged him with

---

[2] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

threatening staff on the grounds that it was based on a "false or incomplete record" and "the proper procedures for an investigation were not adhered to." [*See* FAC at 3, 8, 9; *see also* Doc. No. 5-1 at 1–2.] Plaintiff's FAC again acknowledges, however, that the Office of Appeals ("OOA") "granted [this] claim" on August 20, 2025, and ordered the Office of Grievances at Richard J. Donovan Correctional Facility ("RJD") to "open a new log number to review [Plaintiff's] claims that the [RVR] was falsified, [and] surveillance footage did not support the allegation[.]" [*See* FAC at 8; Doc. No. 5-1 at 7.] An "administrative appeal is considered part of the process afforded, and any error in the process can be corrected during that appeals process without necessarily subjecting prison officials to liability for procedural violations at lower levels." *Torricellas v. Poole*, 954 F. Supp. 1405, 1414 (C.D. Cal. 1997), *aff'd,* 141 F.3d 1179 (9th Cir. 1998). Thus, "where a procedural error has been corrected in the administrative process, . . . there has been no compensable due process violation." *Id.*; *see also Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015) (affirming summary judgment for prison officials because "any procedural error was corrected through the administrative appeal process" (collecting cases)); *Myers v. Clayton*, No. 22-CV-00673-RBM-BLM, 2023 WL 4748787, at *5 (S.D. Cal. July 25, 2023) (same).

Third, Plaintiff's FAC underscores the applicability of *Heck*: he specifies he "would like for his 121 days to be restored" and have the Court "overturn [his] guilty findings to not guilty." [Doc. No. 5 at 8.] This request by itself precludes relief under § 1983, because insofar as Plaintiff concedes his disciplinary conviction for threatening staff still stands and claims it was based on a "botched investigation" supported by "no evidence," [FAC at 8], his suit necessarily implies the invalidity of both that disciplinary conviction and its attendant credit forfeiture. *See Heck*, 512 U.S. at 486–87; *Ramirez*, 334 F.3d at 856 (concluding that if alleged due process defects "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits," and as a result would decrease the length of the prisoner's confinement, his claims are "not cognizable under § 1983 until his disciplinary conviction [is] invalidated." (citing *Edwards*, 520 U.S. at 646)). "So long as

[a prisoner's] claim '*indirectly* [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' *Heck* and *Edwards* require his § 1983 cause of action to be dismissed—'only habeas corpus (or similar state) remedies' can be used to obtain such a ruling." *Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) (alteration in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Therefore, *Heck* and its progeny continue to bar this § 1983 civil rights case.

In sum, the Court finds Plaintiff's FAC fails to state a claim upon which § 1983 relief can be granted and **DISMISSES** it *sua sponte* pursuant to 28 U.S.C. § 1915A(b)(1). *See Olivas*, 856 F.3d at 1283. Finally, because the Court finds further amendment would be futile, dismissal of the FAC is without further leave to amend. *See Schmier v. U.S. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## III. CONCLUSION

For the reasons explained, the Court:

(1) **GRANTS** Plaintiff's renewed IFP Motion, [Doc. No. 4];

(2) **DISMISSES** Plaintiff's First Amended Complaint, [Doc. No. 5], for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) without leave to amend; and

(3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and <u>to close the case</u>.

**IT IS SO ORDERED.**

Dated: August 10, 2026



Hon. Cathy Ann Bencivengo
United States District Judge